IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CHARLES J. ADAMS, et al., | ) |
|     Plaintiffs, | ) No. 20-909 |
| | ) (Judge Tapp) |
| v. | ) |
| THE UNITED STATES, | ) |
|     Defendant. | ) |

**DEFENDANT'S UNOPPOSED MOTION FOR PROTECTIVE ORDER**
**AUTHORIZING DISCLOSURE OF PRIVACY ACT INFORMATION**

Pursuant to Rules 7(b) and 26(c) of the United States Court of Federal Claims, and the Privacy Act of 1974, 5 U.S.C. § 552a, the United States respectfully requests that the Court enter an order authorizing the United States to disclose to plaintiffs certain information subject to the Privacy Act, and further subjecting the production and use of such information to the terms of the proposed stipulated protective order accompanying this motion. Plaintiffs have reviewed and provided comments regarding the proposed protective order, and state that they do not oppose this motion.

Pursuant to this Court's March 16, 2021 order, the United States agreed to provide plaintiffs with four types of documents for specified time periods: quarterly custody rosters; plaintiffs' daily custody assignment reports; non-custodial departmental schedules; and a spreadsheet reflecting plaintiffs' time and attendance information. *See* Joint Status Report, ECF No. 24 (March 31, 2021). All of the documents pertain to individuals working in a law enforcement setting/correctional environment. The quarterly custody rosters, plaintiffs' daily custody assignment reports, and the spreadsheet reflecting their time and attendance information likely constitute "record[s]" contained in one or more "systems of records," as those terms are defined in the Privacy Act. 5 U.S.C. § 552a(a)(4)-(5). For instance, in *Quinn v. Stone*, 978 F.2d

126, 133-34 (3d Cir. 1992), the U.S. Court of Appeals for the Third Circuit determined that an employee's time card information was subject to Privacy Act protection because it "reveal[ed] a 'quality or characteristic' about that person. Time card information regarding taking time off from work as compensation for overtime, as sick leave, or for vacation can easily be considered descriptive of an individual." Pursuant to the court's logic in *Quinn*, plaintiffs' time and attendance information and daily custody assignment reports also warrant Privacy Act protection because they contain similar information regarding, among other things, plaintiffs' overtime, sick leave, and vacation. Similarly, the quarterly custody rosters reflect information pertaining to individual plaintiffs' job assignments as well job assignments for non-plaintiff employees. The daily custody assignment reports and time and attendance information also may contain information regarding disciplinary infractions, such as identifying plaintiffs who were absent without leave, and information relating to a plaintiff's use of sick leave under the Family Medical Leave Act.

      Although the Privacy Act generally prohibits the United States from disclosing all or portions of these records to parties to whom the record does not "pertain[]," *id*. § 552a(b); *see also id.* § 552a(d)(1), this prohibition is subject to a series of exceptions, including when disclosure is authorized "pursuant to the order of a court of competent jurisdiction[.]" *Id.* § 552a(b)(11). Thus, to facilitate the production of information protected by the Privacy Act, the United States requests that the Court enter the attached order authorizing that production pursuant to 5 U.S.C. § 552a(b)(11).

      Moreover, a protective order will help to ensure that information that is otherwise protected by the Privacy Act is used appropriately during the course of this litigation by limiting its disclosure to a narrow universe of authorized individuals involved in this litigation and

providing procedures to be followed with respect to that information.  In addition, the United States requests that the proposed order permit the parties to file information subject to the Privacy Act under seal and later file a redacted, public version of the filing.

    For these reasons, we respectfully request that the Court enter the attached proposed order.

                                                 Respectfully submitted,

                                                 BRIAN M. BOYNTON
                                                 Acting Assistant Attorney General

                                                 MARTIN F. HOCKEY, JR.
                                                 Acting Director

                                                 s/Allison Kidd-Miller
                                                 ALLISON KIDD-MILLER
                                                 Assistant Director

| OF COUNSEL: | |
|---|---|
|  | s/Eric E. Laufgraben |
| MARIE C. CLARKE | ERIC E. LAUFGRABEN |
| DOUGLAS S. GOLDRING | Senior Trial Counsel |
| KATHLEEN HALEY HARNE | CATHARINE M. PARNELL |
| DAVID HUBAND | LIRIDONA SINANI |
| ADAM EISENSTEIN | Trial Attorneys |
| LAURA WADDILL | Commercial Litigation Branch |
| Office of General Counsel | Civil Division |
| Federal Bureau of Prisons | U.S. Department of Justice |
| U.S. Department of Justice | P.O. Box 480 |
|  | Ben Franklin Station |
|  | Washington, DC 20044 |
|  | Telephone:   (202) 353-7995 |
|  | Facsimile:   (202) 353-0461 |
|  | Email:   Eric.E.Laufgraben@usdoj.gov |
| April 21, 2021 | Attorneys for Defendant |

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CHARLES J. ADAMS, et al., | ) |
|     Plaintiffs, | ) No. 20-909 |
| v. | ) (Judge Tapp) |
| THE UNITED STATES, | ) |
|     Defendant. | ) |

PROTECTIVE ORDER AUTHORIZING DISCLOSURE OF PRIVACY ACT INFORMATION

Upon consideration of the United States' unopposed motion for a protective order, it is hereby ORDERED that the motion is GRANTED.

Accordingly, it is hereby ORDERED that the United States is authorized in this case to release to plaintiffs' counsel and the Court records protected by the Privacy Act, 5 U.S.C. § 552a, without obtaining prior written consent of the individuals to whom the records pertain. Such disclosure is subject to the conditions set forth in this order.

1. "Privacy Act Information" refers to information that is not subject to public disclosure pursuant to the Privacy Act.

2. Plaintiffs and their attorneys must only use Privacy Act Information for the purpose of litigating this case, including any subsequent appeals.

3. Except as otherwise ordered by this Court, Privacy Act Information may only be disclosed to the following persons: (a) counsel of record in this action; (b) individuals working with counsel of record, including other attorneys, secretaries, paralegals, and other employees of such counsel to the extent reasonably necessary to render professional services in this case; (c) court reporters; (d) independent experts and consultants, including their clerical personnel, who have been, or will be, retained by plaintiffs or the United States to provide testimony or

consultation in connection with this litigation; (e) alternative dispute resolution providers; and (f) the Court and Court personnel, including any Appeals Court and Appeals Court personnel.  In addition, counsel may disclose to a plaintiff documents containing his or her Privacy Act Information if counsel redacts all personal identifying information about other plaintiffs or non-plaintiff employees of the defendant from the document.  No plaintiff is authorized to view or otherwise obtain Privacy Act Information that pertains to another person who is not a plaintiff, except as permitted by law or under the circumstances described herein.  Plaintiffs' counsel may, however, disclose for the purposes of this litigation only, the Privacy Act Information of one plaintiff to another plaintiff when plaintiffs' counsel has notified plaintiffs that their Privacy Act Information may be disclosed to other plaintiffs during the course of this litigation, given Plaintiffs an opportunity to object, and has received no objections.

4. This Order shall not prevent a party from using or disclosing information that it is in its possession independent of this litigation, even if the information has been designated as Privacy Act Information pursuant to this Order.  Moreover, this Order imposes no limitation regarding any plaintiff's use or access to his or her own Privacy Act Information beyond any limitation already in existence.  Nothing in this Order shall bar or otherwise restrict plaintiffs' counsel from rendering advice with respect to this litigation to their clients who are plaintiffs in this litigation, in the course thereof, relying generally upon counsel's examination of the Privacy Act Information.

5. When producing Privacy Act Information, the United States shall designate it as such by any reasonable means, such as by marking each page containing Privacy Act Information as follows:

PRIVACY ACT INFORMATION TO BE DISCLOSED ONLY IN ACCORDANCE WITH
U.S. COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

6. For any Privacy Act Information that the United States produces in native electronic form, the United States may designate it as Privacy Act Information by any reasonable means, such as by including the term PRIVACY_ACT as a suffix to the document's Bates number.

7. Pursuant to this order, a document containing protected information may be filed electronically under the Court's electronic case filing system using the appropriate activity listed in the "SEALED" documents menu.

8. After production of Privacy Act Information, all copies and all notes made from and references to that Privacy Act Information that would constitute Privacy Act Information if in the possession of the United States also constitutes Privacy Act Information.

9. If either party identifies Privacy Act Information that was not designated as such, that party or its counsel must immediately provide written notice to the other party. The Privacy Act Information will then be subject to the provisions of this Protective Order. Within 21 days of such notice, the United States must provide to plaintiffs a new version of the Privacy Act Information with the designation set forth in paragraph 5. Within 14 days of receipt of the newly-designated Privacy Act Information, plaintiffs shall return the original version to the United States, or certify that the original version has been destroyed.

10. Nothing in this Protective Order restricts the manner in which employees of the United States may otherwise obtain, distribute, exchange, disseminate, share, use, or file Privacy Act Information as permitted by law, rule, regulation, policy, exception, exemption, or otherwise.

11. All individuals having access to Privacy Act Information shall be instructed that their use of that information is governed by the terms of this Protective Order.

12. Submissions to the Court containing Privacy Act Information must be filed in two versions: a confidential version; and a redacted, public version. The title page of the confidential version and each page containing Privacy Act Information, including submissions filed electronically, must be clearly marked as follows:

PRIVACY ACT INFORMATION TO BE DISCLOSED ONLY IN ACCORDANCE WITH U.S. COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

The public version of such filings must be marked as the public version in a conspicuous manner on the cover page. Privacy Act Information must be blacked out or deleted in a conspicuous manner that prevents Privacy Act Information from being viewed. The public version must be filed with the Court. The public version should be filed within 30 days of the confidential version.

13. Privacy Act Information produced by the United States must be either returned to the United States or destroyed upon the conclusion of this case, including any subsequent appeals. Within 45 days after the conclusion of this case and any subsequent appeals, plaintiffs' counsel must certify in writing that all Privacy Act Information has been returned or destroyed, including Privacy Act Information in the possession of their employees or agents. However, plaintiffs' counsel may maintain Privacy Act Information in their file for this case, including all pleadings, filings, transcripts, exhibits, correspondence, any notes and any work product or summaries reflecting the Privacy Act Information, provided that the Privacy Act Information is clearly marked as required by this order.

14. If either party becomes aware of the disclosure of Privacy Act Information to a person who is not authorized to receive it under this order, that party will promptly report the matter to the other, and if a suitable resolution cannot be reached, to the Court. The United States, the Department of Justice, and/or any other agency or employee of the United States,

bears no responsibility or liability for any disclosure of any Privacy Act Information by plaintiffs, plaintiffs' counsel, employees of plaintiffs' counsel, or any other persons or entities.

15. The parties should attempt to resolve any dispute regarding the designation or production of Privacy Act Information through an agreement of their counsel that is evidenced in writing, including but not limited to, a stipulation or agreement, confirmatory correspondence, or confirmatory email(s).  In the event that the parties are unable to resolve any dispute that arises, either party may seek relief from the Court, including but not limited to a proposed modification of this Order.

16. Nothing contained in this Order precludes a party from seeking relief from this Order through the filing of an appropriate motion with the Court that sets forth the basis for the relief sought.

IT IS SO ORDERED.

DAVID A. TAPP, Judge