IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHARLES J. ADAMS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 20-909 C |
| | ) | (Judge Tapp) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

For its answer to the amended complaint, defendant, the United States, admits, denies, and alleges as follows:

1.  Denies that plaintiffs Keith A. Frazer, Charles B. Newman, Gary C. Summers, Timothy D. Thomas, and Skyler T. White are current or former employees of defendant United States at the U.S. Department of Justice, Bureau of Prisons, at the Federal Medical Center (FMC) Lexington in Lexington, Kentucky (FMC Lexington); otherwise, admits the allegations contained in the first sentence of paragraph 1. The allegations contained in the second sentence of paragraph 1 constitute plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2.  The allegations contained in paragraph 2 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3.  Denies the allegation that plaintiff Charles Adams is a resident of Denville, Kentucky for lack of knowledge or information sufficient to form a belief as to its truth. Admits the allegations in the second sentence of paragraph 3. The remaining allegations contained in paragraph 3 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. Denies the allegation that plaintiff James Harper is a resident of Lexington, Kentucky for lack of knowledge or information sufficient to form a belief as to its truth. Denies the allegations in the second sentence of paragraph 4. The remaining allegations contained in paragraph 4 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5. Denies that plaintiffs Keith A. Frazer, Charles B. Newman, Gary C. Summers, Timothy D. Thomas, and Skyler T. White are or were employees of the defendant at FMC Lexington; otherwise, admits the allegations contained in the first sentence of paragraph 5. The allegations contained in the second sentence of paragraph 5 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6. The allegations contained in paragraph 6 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7. Denies the first sentence of paragraph 7. The allegations contained in the second sentence of paragraph 7 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits that signed "Request to Join" forms were attached to the original complaint and additional signed "Request to Join" forms were attached to the amended complaint. Admits the allegations contained in the fourth sentence of paragraph 7 to the extent supported by the referenced forms, which are the best evidence of their contents; otherwise, they are denied.

8. Denies the allegations contained in the third sentence of paragraph 8 regarding "similar activities" for lack of knowledge or information sufficient to form a belief as to their truth. The remaining allegations contained in paragraph 8 constitute conclusions of law, to

which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

9. The allegations contained in paragraph 9 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10. The allegations contained in paragraph 10 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

11. Admits the allegation that "FMC Lexington is an administrative security federal medical center with an adjacent minimum security satellite camp" that houses inmates convicted for violations of the criminal laws of the United States, that some inmates have been convicted of crimes of violence, and that some inmates may have a history of gang affiliation. Denies the allegation in paragraph 11 that FMC Lexington "houses more than 1,200" inmates. Denies the remaining allegations in paragraph 11 for lack of information and knowledge sufficient to form a belief as to their truth.

12. The allegations contained in paragraph 12 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the statute and regulations cited, which are the best evidence of their contents; otherwise, they are denied.

13. The allegations contained in paragraph 13 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the regulation cited, which is the best evidence of its contents; otherwise, they are denied.

14. The allegations contained in paragraph 14 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to

the extent supported by the statute and regulation cited, which are the best evidence of their contents; otherwise, they are denied.

15. The allegations contained in paragraph 15 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the regulation cited, which is the best evidence of its contents; otherwise, they are denied.

16. Denies the allegation in paragraph 16 that COVID-19 is the novel coronavirus; the remaining allegations contained in paragraph 16 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied for lack of information and knowledge sufficient to form a belief as to their truth.

17. Admits.

18. Denies the allegation in paragraph 18 that COVID-19 is a virus; the remaining allegation contained in the first sentence of paragraph 18 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. Admits the remaining allegations in paragraph 18 to the extent supported by the document and Internet website cited as of the date last accessed by plaintiffs, which are the best evidence of their contents.

19. Admits the allegations in paragraph 19 to the extent supported by the cited websites as of the date last accessed by plaintiffs, which are the best evidence of their contents.

20. Admits the allegations in paragraph 20 to the extent supported by the cited website as of the date last accessed by plaintiffs, which is the best evidence of its contents.

21. Admits the allegations in paragraph 21 to the extent supported by the cited website as of the date last accessed by plaintiffs, which is the best evidence of its contents.

22. Admits the allegations in paragraph 22 to the extent supported by the cited Internet website as of the date last accessed by plaintiffs, which is the best evidence of its contents.

23. Admits the allegations in paragraph 23 to the extent supported by the cited website as of the date last accessed by plaintiffs, which is the best evidence of its contents.

24. Admits the allegations in paragraph 24 to the extent supported by the cited website as of the date last accessed by plaintiffs, which is the best evidence of its contents.

25. The allegations contained in paragraph 25 that plaintiffs "worked with or in close proximity to" and "without sufficient protective devices" constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Otherwise, denies the remaining allegations in paragraph 25 for lack of information and knowledge sufficient to form a belief as to their truth.

26. The allegation contained in paragraph 26 regarding what was "taken into account" in the classification of plaintiffs' positions constitutes a conclusion of law to which no response is required; to the extent it may be deemed an allegation of fact, it is denied; otherwise, denies the remaining allegations in paragraph 26.

27. The allegations contained in paragraph 27 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

28. The allegations contained in paragraph 28 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

29. Admits the allegations contained in paragraph 29 that defendant has not compensated plaintiffs with hazardous duty or environmental differential pay. The allegations contained in paragraph 29 that hazardous duty and environmental differential pay are available

for "exposure" constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

30. The allegations contained in paragraph 30 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

31. Admits that defendant has not included hazardous duty and environmental differential pay when calculating plaintiffs' regular rates of pay for purposes of paying overtime under the Fair Labor Standards Act (FLSA); otherwise, the remaining allegations contained in paragraph 31 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

32. Defendant hereby incorporates by reference its responses in paragraphs 1 through 31 of this answer to plaintiffs' amended complaint.

33. Admits the allegations contained in paragraph 33 to the extent supported by the statute cited, which is the best evidence of its contents; otherwise, they are denied.

34. Admits the allegations contained in paragraph 34 to the extent supported by the statute and regulations cited, which are the best evidence of their contents; otherwise, they are denied.

35. Denies the allegation contained in the first sentence of paragraph 35 that the cited regulations require payment for exposure to COVID-19. Admits the remaining allegations contained in paragraph 35 to the extent supported by the regulations cited, which are the best evidence of their contents; otherwise, they are denied.

36. The allegations contained in paragraph 36 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

37. Admits that defendant has not included hazardous duty pay when calculating plaintiffs' regular rates of pay for purposes of paying overtime under the FLSA; otherwise, the remaining allegations contained in paragraph 37 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

38. The allegations contained in paragraph 38 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

39. Denies the allegation in the second sentence of paragraph 39 that employment and work records for each plaintiff are in the exclusive possession, custody and control of defendant and its public agencies.  The remaining allegations contained in paragraph 39 constitute conclusions of law or plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

40. The allegations contained in paragraph 40 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

41. The allegations contained in paragraph 41 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

42. Defendant hereby incorporates by reference its responses in paragraphs 1 through 41 of this answer to plaintiffs' amended complaint.

43. Admits the allegations contained in paragraph 43 to the extent supported by the statute and regulation cited, which are the best evidence of their contents; otherwise, they are denied.

44. Admits the allegations contained in paragraph 44 to the extent supported by the regulation cited, which is the best evidence of its contents; otherwise, they are denied.

45. Admits the allegations contained in paragraph 45 to the extent supported by the regulation cited, which is the best evidence of its contents; otherwise, they are denied.

46. Admits the allegations contained in paragraph 46 to the extent supported by the regulation cited, which is the best evidence of its contents; otherwise, they are denied.

47. Admits the allegations contained in paragraph 47 to the extent supported by the regulation cited, which is the best evidence of its contents; otherwise, they are denied.

48. The allegations contained in paragraph 48 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

49. Admits that defendant has not included environmental differential pay when calculating plaintiffs' regular rates of pay for purposes of paying overtime under FLSA; the remaining allegations contained in paragraph 49 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

50. The allegations contained in paragraph 50 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

51. The allegations contained in paragraph 51 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

52. Denies the allegation in the second sentence of paragraph 52 that employment and work records for each plaintiff are in the exclusive possession, custody and control of defendant and its public agencies. The remaining allegations contained in paragraph 52 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

53. The allegations contained in paragraph 53 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

54. The allegations contained in paragraph 54 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

55. Defendant hereby incorporates by reference its responses in paragraphs 1 through 54 of this answer to plaintiffs' amended complaint.

56. Admits the allegations contained in paragraph 56 to the extent supported by the statute and regulations cited, which are the best evidence of their contents; otherwise, they are denied.

57. The allegations contained in the first and second sentence of paragraph 57 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations contained in the third sentence of paragraph 57 constitute plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

58.     The allegations contained in paragraph 58 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

59.     Denies the allegation in the second sentence of paragraph 59 that employment and work records for each plaintiff are in the exclusive possession, custody and control of defendant and its public agencies. The remaining allegations contained in paragraph 59 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

60.     The allegations contained in paragraph 60 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

61.     The allegations contained in paragraph 61 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

62.     The allegations contained in paragraph 62 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

63.     Denies each and every allegation not previously admitted or otherwise qualified. Denies that plaintiffs are entitled to the relief set forth in paragraphs (a) through (e), in the prayer for relief immediately following paragraph 62, or to any relief whatsoever.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the amended complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

|  | Respectfully submitted, |
|---|---|
|  | JEFFREY BOSSERT CLARK<br>Acting Assistant Attorney General |
|  | MARTIN F. HOCKEY, JR.<br>Acting Director |
|  | s/Allison Kidd-Miller<br>ALLISON KIDD-MILLER<br>Assistant Director |
| OF COUNSEL: | s/Eric E. Laufgraben |
| MARIE C. CLARKE | ERIC E. LAUFGRABEN |
| DOUGLAS S. GOLDRING | Senior Trial Counsel |
| ADAM EISENSTEIN | CATHARINE M. PARNELL |
| KATHLEEN HALEY HARNE | LIRIDONA SINANI |
| DAVID HUBAND | Trial Attorneys |
| KIMBERLY KNIPE | Commercial Litigation Branch |
| LAURA WADDILL | Civil Division |
| Office Of General Counsel | U.S. Department of Justice |
| Federal Bureau of Prisons | P.O. Box 480 |
| U.S. Department of Justice | Ben Franklin Station |
| Washington, DC 20436 | Washington, DC 20044 |
|  | Telephone: (202) 353-7995 |
|  | Facsimile:  (202) 353-0461 |
|  | Email:      Eric.E.Laufgraben@usdoj.gov |
| June 16, 2021 | Attorneys for Defendant |