# In the United States Court of Federal Claims

No. 20-909C
Filed: June 29, 2022

|  |  |
|---|---|
| **CHARLES J. ADAMS, et al.,** | |
| *Plaintiffs,* | |
| v. | |
| **THE UNITED STATES,** | |
| *Defendant.* | |

## ORDER

On December 14, 2020, this Court denied the United States' Motion to Dismiss. Soon thereafter, another judge of this Court issued a contrary decision in *Cody L. Adams, et al. v. United States*, Case No. 20-783, a case presenting similar if not identical issues to the captioned case. The Plaintiffs in *Cody L. Adams, et al.* swiftly appealed that decision to the Court of Appeals for the Federal Circuit. Relatedly, in early February 2021, the United States asked for a stay of the captioned case pending the Federal Circuit's decision in *Cody L. Adams, et al.* (Mot. to Stay, ECF No. 17 (arguing that a stay would not be "immoderate in extent" because the median time from docketing to disposition in the Federal Circuit was 10.2 months)). This Court deferred ruling on the United States' Motion to Stay and ordered the parties to take "limited but not inconsequential steps to begin the discovery process[.]" (ECF No. 21).

On October 6, 2021, the Federal Circuit panel held Oral Argument in *Cody L. Adams, et al. v. United States*, CAFC Case No. 21-1662. On June 27, 2022, the Circuit issued an order notifying the parties to *Cody L. Adams, et al.* that it would take that case under consideration *en banc*, requesting supplemental briefing on five questions to be completed within 135 days of that order, inviting briefs stating the views of amici curiae, and setting the case for oral argument. *Cody L. Adams, et al.*, COFC Case No. 21-1662, (ECF No. 40).

In light of the extended time for disposition of *Cody L. Adams, et al.*, the Court **ORDERS** the parties to file a joint status report no later than July 13, 2022, providing a *detailed* description of their accomplishments during the period of limited discovery the Court has allowed. The parties shall also describe additional discovery steps the parties believe would be prudent and in the interests of judicial economy.

**IT IS SO ORDERED.**



s/    David A. Tapp
DAVID A. TAPP, Judge