IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CHARLES J. ADAMS, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE UNITED STATES,<br><br>    Defendant. | Case No.: 20-909 C<br>(Judge Tapp) |

## **PLAINTIFFS' STATUS REPORT**

Pursuant to the Court's stay order dated March 14, 2023, the plaintiffs' respectfully submit this status report. (ECF No. 45).

On March 14, 2023, the Court entered an order staying this case and ordering the parties to submit a joint status report within seven (7) days of any update on the petition for certiorari filed in the case of *Adams v. United States (Cody Adams),* No. 21-1662 (Fed. Cir.). (ECF No. 45). Pursuant to the Court's order, the parties respectfully inform the Court that on October 10, 2023, the United States Supreme Court denied certiorari in *Cody Adams*, letting the Federal Circuit's *en banc* opinion stand. *Adams v. United States*, No. 22-1118, __ S. Ct. __, 2023 WL 6558401 (Oct. 10, 2023) (Mem.).

Plaintiffs' counsel explained their position regarding the JSR to the Defendant on October 16, 2023, and it was agreed that the parties would each insert their respective positions into a JSR to be filed today. The Plaintiffs sent a draft JSR with the Plaintiffs' position to the Defendant's at 1:40pm and asked for the Defendant to insert their position. Defendant counsel explained that he was having technological issues and would be out of pocket for some time. Plaintiffs' counsel offered to insert the Defendant's position into the JSR, but there was no response. Plaintiffs' counsel reached out again at 4:52pm, explaining it needed to be filed by COB, and the Plaintiffs

would need to file a Plaintiffs' Status Report. The Defendant responded that it was "close to finalizing our section." It is necessary for the Plaintiffs' counsel to be away from their computer for the remainder of the day, and counsel will be unable to review the Joint Status Report before it needs to be filed today.

For these reasons, the Plaintiffs file this Plaintiffs' Status Report. The Plaintiff anticipates the Defendant will file a separate status report but has not seen what the Defendant intends to file.

In *Cody Adams*, the Federal Circuit ruled that, although federal employees whose duties "expose them to particularly heightened risk associated with an infectious disease circulating within the general population, such as COVID-19, might understandably believe that they should receive additional compensation for such work during a pandemic," that "is a matter for Congress or OPM to address." *Cody Adams*, 59 F.4th 1349, 1362 (Fed. Cir. 2023). Specifically, the Court advised that "OPM might promulgate new HDP and EDP categories or amend existing categories to cover human-to-human exposure to serious, communicable diseases while working during a pandemic." *Id*.

Following the Court's direction, Plaintiffs and other similarly affected Bureau of Prisons employees are preparing a Petition for Rulemaking to the Office of Personnel Management (OPM), requesting the changes described above. Until that Petition can be resolved, the merits of Plaintiffs' claims for unpaid Hazardous Duty Pay and Environmental Differential Pay, *see* 5 U.S.C. §§ 5545(d), 5343(c)(4), should not be disposed.

Accordingly, Plaintiffs request that this Court either: (1) order this case stayed pending the results of the Petition, with the parties to file a joint status report every ninety (90) days and within thirty (30) days of any significant developments in the Petition; or (2) order Plaintiffs' claims dismissed without prejudice so that they may seek appropriate relief following their Petition to OPM and re-file their claims if necessary.

The Government's request that the voluntary dismissal be with prejudice, rather than without prejudice, is unfounded. When plaintiffs seek a voluntary dismissal, as here, the Court of Federal Claims looks to three factors to determine whether the case should be dismissed with or without prejudice: (1) the burden on the defendant if the case were dismissed without prejudice, (2) the progress of the litigation, and (3) the diligence and good faith of the plaintiff. *Klamath Irrigation District v. United States*, 116 Fed. Cl. 117, 119 (2014) (allowing dismissal without prejudice of a claim that had been pending for 13 years). The Court has "considerable latitude and discretion" in granting a request for dismissal without prejudice, and "dismissal without prejudice is the norm rather than the exception." *Deuterium Corp. v. United States*, 21 Cl. Ct. 132, 134 (1990) (ordering dismissal with prejudice when request made "on the eve of trial" after eight years of litigation, 72 motions, innumerable status conferences, and an "enormous amount of time and money" spent by the government preparing for trial).

Although dismissal with prejudice may be "appropriate where there have been extensive proceedings with a trial clearly in sight," the circumstances here—with only written discovery begun in a limited fashion—support Plaintiffs' request for dismissal without prejudice. *Id*. at 135. Likewise, the reason for the requested dismissal also supports Plaintiffs' position. Rather than demonstrate any suggestion of dilatory or bad faith motive, the reason for this dismissal is to obtain appropriate regulatory guidance from OPM that was necessitated by a novel opinion on an unsettled legal question issued by the Federal Circuit after this case was filed. In the event that the sought-after regulatory guidance never arrives, the Government will incur no additional burden whatsoever, as this case would not be refiled. But should new regulatory guidance call for HDP and/or EDP for the important, dangerous work Plaintiffs performed for the public good during a global pandemic, a dismissal with prejudice would work a grave injustice. The circumstances therefore weigh strongly in favor of allowing dismissal without prejudice.

If the Court is not inclined to grant the relief requested above, Plaintiffs request that the Court order a briefing schedule for a motion for voluntary dismissal without prejudice, so the parties' positions may be fully developed.

Respectfully submitted,

/s/ David Ricksecker
David Ricksecker
MCGILLIVARY STEELE ELKIN LLP
1101 Vermont Avenue, N.W.
Suite 1000
Washington, D.C. 20005
(202) 833-8855
dr@mselaborlaw.com

Attorney of Record for Plaintiffs

Dated: October 17, 2023

**CERTIFICATE OF SERVICE**

    I certify that the foregoing Plaintiffs' Opposition to Defendant's Request for Extension of Time to Respond to the Complaint was served via electronic filing on October 17, 2023 to counsel for Defendant United States.

                                      /s/David Ricksecker
                                      David Ricksecker